Honorable Clarence H. Heflin Representative, District No. 39 State Capitol Building, Room 304 Jefferson City, Missouri 65101
Dear Representative Heflin:
This letter is in response to your opinion request in which you ask the following:
 "1. Does Section 456.040 R.S.Mo. apply to motion picture films?
 "2. If Section 456.040 R.S.Mo. does apply to motion picture films, would the enactment of H.B. 1654 change the present law with respect to motion picture films?"
House Bill No. 1654, Second Regular Session, Seventy-Eighth General Assembly, provides as follows:
 "Section 1. Whenever any person, firm or corporation, engaged [sic] in the leasing of motion picture films, shall require a deposit or advance payment to be made by the lessee to bind the lessee to the performance of the contract, then the money so deposited, with any accruing interest thereon, shall, until returned or applied in accordance with the terms of the contract or agreement, continue to be the money of the person making the deposit and shall become and remain a trust fund in the possession of the person with whom the deposit shall be made. The person, firm or corporation, receiving the deposit shall be the holder of the fund as trustee. The trustee shall, within seven days after the receipt of the trust fund, deposit the same in some bank or trust company in the county in which the cestui que trust resides or has his principal office or place of business. The bank or trust company shall notify the cestui que trust when the fund is deposited. The fund shall not be commingled with any other funds or assets of the trustee. Any waiver or attempt to waive the provisions of this section is void."
Section 456.040, RSMo 1969, provides:
 "Whenever any person, firm or corporation, engaged in the leasing of personal property, shall require a deposit or advance payment to be made by the lessee to bind the said lessee to the performance of such contract, then such money so deposited, with any accruing interest thereon, shall, until returned or applied in accordance with the terms of such contract or agreement, continue to be the money of the person making the deposit and shall become and remain a trust fund in the possession of the person with whom such deposit shall be made, and the person, firm or corporation, receiving such deposit shall be the holder of such fund as trustee, and as the trustee as herein defined shall forthwith, and within seven days after the receipt of such trust fund, deposit the same in some bank or trust company in the county in which the cestui que trust shall reside or have his principal office or place of business, and such fund shall not be mingled with any other funds or assets of said trustee. Any person, firm or corporation receiving any money in trust, as herein defined, who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor; provided, however, that this section and section 456.050 shall not apply to such transactions where the property used or leased is delivered to lessee at time of agreement and remains in the actual and continuous possession of lessee during the term of such agreement." (Emphasis added.)
Section 456.050, RSMo 1969, provides:
 "Any person, firm or corporation being a trustee, as provided in section 456.040, who shall violate any of the provisions thereof, shall pay to the depositor a sum of money double the amount of the deposit or advance payment, which may be recovered in any court of competent jurisdiction, together with a reasonable attorney's fee to be fixed by the court and collected as other costs in the case. Any waiver or attempt to waive the provisions of sections 456.040 and 456.050 shall be void."
First of all it appears clear that motion picture film is personal property within the meaning of Section 456.040. House Bill No. 1654 essentially uses the same language in the first lengthy sentence of Section 456.040 with the exception that the House Bill requires that the cestui que trust be notified when the fund is deposited by the bank or trust company holding such fund.
The House Bill does not contain the last sentence of Section456.040 except with respect to the provision of such section containing the prohibition against commingling the funds. The provisions of Section 456.040 which make a violation of that section a misdemeanor are omitted from the House Bill, and in addition the exclusion which we have underscored above in Section456.040 is omitted from the House Bill. Further, Section456.050 which contains provisions making the lessor liable for double the amount of the deposit so held when there is a violation of the provisions of Section 456.040 is not contained in the House Bill.
Apparently, then the significant differences except for the fact that the House Bill does not contain the misdemeanor or other penalty provisions is in the scope of the application of Section 456.040. That is, as we indicated, the latter part of that section provides that such section and Section 456.050:
 ". . . shall not apply to such transactions where the property used or leased is delivered to lessee at time of agreement and remains in the actual and continuous possession of lessee during the term of such agreement."
Therefore, while Sections 456.040 and 456.050 may be applicable to motion pictures since motion pictures are personal property, Section 456.040 is much more limited in its scope than the bill by reason of the quoted exception.
Very truly yours,
 JOHN C. DANFORTH Attorney General